UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

JOHN WALLS,

Petitioner,

v.

MR. J.W. BOOKER, JR.,
MR. CHRISTOPHER ZYCH,
MR. ROBERT BENNETT,
MR. G.L. HERSHBERGER,
MS. T. FERRITOR,
MR. MARK DOHAHOO,
MS. S.M. PEDERSEN,
LT. E. LAACKMAN, et al.,

Respondents.

---

Civil File No. 01-2323 (ADM/AJB)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's self-styled application for habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that this action be summarily DISMISSED WITHOUT PREJUDICE pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

---

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

DEC 2 1 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. BACKGROUND

Petitioner is an inmate at the Federal Prison Camp in North Las Vegas, Nevada, (hereafter "FPC-NLV"). He was previously incarcerated at the Federal Correctional Institution in Waseca, Minnesota, ("FCI-Waseca"), and before that he was incarcerated at the Federal Prison Camp in Leavenworth, Kansas, ("FPC-Leavenworth").

As far as the Court can tell, Petitioner was involved in some type of altercation with another inmate when he was at FPC-Leavenworth. He apparently was disciplined as a result of his role in that altercation and lost some of his good time credits.

Petitioner now claims that he was deprived of his constitutional right to due process during the course of the prison disciplinary proceeding. He is seeking a writ of habeas corpus that would reinstate his lost good time, and thereby shorten the expected duration of his confinement.[2]

## II. DISCUSSION

Because Petitioner is not presently confined in Minnesota, it is necessary to consider whether his application for a writ of habeas corpus can properly be entertained in this District. It is well-settled in our Circuit that "[h]abeas corpus jurisdiction lies only when petitioner's custodian is within the jurisdiction of the district court." U.S. v. Monteer, 556

---

[2] The Court notes that Petitioner's pleading includes a reference to 42 U.S.C. § 1983, and lists multiple parties as "appellants." This could suggest that Petitioner might actually be attempting to bring a civil rights action, rather than a habeas corpus action. However, the pleading is clearly labeled "Petition For Writ Of Habeas Corpus," and it was accompanied by the $5 filing fee that is applicable only in habeas corpus cases. (See 28 U.S.C. § 1914(a).) More importantly, Petitioner is plainly requesting a reinstatement of his lost good time credits, and a concomitant reduction in the length of his prison term. Because such relief can only be granted in a habeas corpus proceeding, (Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973)), Petitioner's present pleading must be treated as a habeas corpus petition.

F.2d 880, 881 (8th Cir. 1977). See also Lee v. United States, 501 F.2d 494, 501 (8th Cir. 1974); Gravink v. United States, 549 F.2d 1152, 1154 (8th Cir. 1977); Kills Crow v. United States, 555 F.2d 183, 189, n. 9 (8th Cir. 1977); McCoy v. United States Board of Parole, 537 F.2d 962, 964 (8th Cir. 1976). It is also well-settled that, for habeas corpus purposes, the term "custodian" normally means the official in charge of the facility where the petitioner is detained -- i.e., the prison warden. McCoy, 537 U.S. at 964 ("[t]he custodian is, in most circumstances, the warden [or] chief administrative official of the correctional institution in which the petitioner is incarcerated").

Applying these principles here, it is readily apparent that Petitioner's present habeas corpus petition cannot be entertained in this District. Petitioner's present custodian is the warden at FPC-NLV. All of the named respondents, however, are prison officials at FCI-Waseca or FPC-Leavenworth, who no longer have custody of Petitioner. The warden at FPC-NLV, who is Petitioner's true custodian, is not named as a respondent in his current petition. More significantly, the warden at FPC-NLV presumably is located in Nevada, and not here in Minnesota, which means that the Minnesota District Court would not have jurisdiction over Petitioner's true custodian, (the warden at FPC-NLV), even if he or she were named as a respondent.

In short, the Minnesota District Court does not have jurisdiction in this matter, because neither Petitioner, nor his present custodian, is in this state. It is therefore recommended that the instant petition be summarily dismissed for lack of jurisdiction. It is further recommended that the petition be dismissed without prejudice, so that Petitioner will retain the option of seeking habeas relief in a court that could properly entertain his habeas

petition -- namely the U.S. District Court for the District of Nevada.[3]

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's "Petition For Writ Of Habeas Corpus Pursuant To Title 28 U.S.C. § 2241," (Docket No. 1), be SUMMARILY DISMISSED WITHOUT PREJUDICE.

DATED: December 21st, 2001

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

[3] The Court has considered whether this case should be transferred to another district, pursuant to 28 U.S.C. § 1631, rather than being dismissed. There are several factors that have led the Court to conclude that, in this particular case, dismissal without prejudice would be preferable to a transfer. First, as noted in the text, the party who should be named as the respondent in this action -- i.e., the warden at FPC-NLV -- is not named in the present petition. Furthermore, most federal district courts require prisoners to use a prescribed habeas corpus petition form, (see e.g., Rule 9.3 of the Local Rules for the United States District Court for the District of Minnesota), and Petitioner has not submitted his petition on such a form. Finally, the Court has considered whether Petitioner would be prejudiced in any way by a dismissal rather than a transfer, and has found no potential prejudice from a dismissal. If this proceeding had been brought under 28 U.S.C. § 2254 or § 2255, then a dismissal could have statute of limitations ramifications. Because § 2241 petitions are not subject to any statute of limitations, there is no need to preserve the filing date of Petitioner's application for habeas corpus relief by transferring his petition rather than dismissing it. With these factors in mind, the Court has concluded that it would be better to dismiss the instant petition without prejudice, rather than transfer it to another district. Petitioner can then file a new petition -- in the proper district, on the proper form, and against the proper respondent.